UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LESLIE HERNANDEZ NIEVES,<br>Petitioner,<br>v.<br>POLLY KAISER, et al.,<br>Respondents. | Case No. 25-cv-06921-LB<br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 7 |

## INTRODUCTION AND STATEMENT

The petitioner is an asylum seeker who fled Mexico, arriving in the U.S. in May 2024. Agents detained her briefly, determined that she was not a flight risk or a danger to the community, and released her on her own recognizance, subject to the requirement that she appear for removal proceedings in immigration court. Since then, she has attended every hearing and applied for asylum. She has no criminal history.[1] On August 15, 2025, at her routine hearing in San Francisco Immigration Court, the government moved to dismiss its case seeking removal, allegedly to place her in expedited-removal proceedings. The immigration judge did not grant the motion and instead gave the petitioner ten days to respond and set a hearing on her asylum application for February 29,

---

[1] Pet. – ECF No. 1 at 2 (¶ 2). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-06921-LB

2028.[2] When she left the courtroom, Department of Homeland Security (DHS) agents arrested her. This jeopardizes her health: she has a medical condition that required medication by the evening that she filed her habeas petition, August 15, 2025.[3] She moved for a temporary restraining order (TRO) and preliminary injunction on the ground that her detention violates the Fifth Amendment's due-process clause, substantively because the government has no interest in detaining her and procedurally because she did not have a pre-detention bond hearing.[4]

The court grants the TRO, orders immediate release, and sets a hearing on August 28, 2025, at 9:30 a.m., on the motion for a preliminary injunction. The respondents' opposition is due on Thursday, August 21, 2025, and a reply is due Monday, August 25, 2025, by noon. The parties may adjust this schedule and the hearing date by stipulation.[5]

## LEGAL STANDARD

The standards for a TRO and a preliminary injunction are identical. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Movants must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent an injunction, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The irreparable injury must be likely and immediate. *Id.* at 20–22. Alternatively, movants may show "serious questions going to the merits" and a balance of hardships that tips sharply in their favor, provided that the other elements are satisfied. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). When the government is a party, the balance of equities and public interest merge. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018). A preliminary injunction preserves the status quo and parties' rights until final judgment. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).

---

[2] *Id.* at 2 (¶ 2).

[3] *Id.* (¶ 3).

[4] Mot. – ECF No. 7 at 2; Mem. – ECF No. 8 at 11–17.

[5] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c). Consents – ECF Nos. 4, 6.

United States District Court
Northern District of California

# ANALYSIS

Courts in this district have held that like petitioners have demonstrated a likelihood of success on the merits of their claim. The court follows that analysis as persuasive. *See, e.g.*, *Salcedo v. Kaiser*, No. 25-cv-06924 – ECF No. 6 at 3 (N.D. Cal. Aug. 15, 2025) (collecting cases).

First, the petitioner has demonstrated a likelihood of success on the merits of her procedural due-process claim challenging her ongoing detention because she is entitled to a bond hearing before arrest or detention. *Id.*; *Winter*, 555 U.S. at 20; *see, e.g.*, *Pablo Sequen v. Kaiser*, No. 25-cv-06487-PCP, 2025 WL 2203419, at *2 (N.D. Cal. Aug. 1, 2025) (collecting cases).

Second, she has demonstrated a likelihood of irreparable injury in the absence of temporary relief, in the form of deprivation of her liberty. *Salcedo*, No. 25-cv-06924 – ECF No. 6 at 3; *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017); *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005).

Third, the final *Winter* factors — the balance of the equities and public interest — weigh in favor of granting the TRO. Releasing the petitioner returns her to the status quo, and other courts have granted a TRO under similar circumstances, dispensing with the need to file a bond under Fed. R. Civ. P. 65(c). *See, e.g.*, *Salcedo*, No. 25-cv-06924 – ECF No. 6 at 3 (collecting cases).

# CONCLUSION

The court grants the TRO, orders the petitioner's release to retain the status quo until the court decides the motion for a preliminary injunction, directs the government to provide a status report confirming the petitioner's release by August 18, 2025, and sets a hearing on August 28, 2025, at 9:30 a.m., on the motion for a preliminary injunction. The respondents' opposition is due on August 21, 2025, and the petitioner's reply is due August 25, 2025, by noon. The parties may adjust the schedule and hearing date by stipulation. The effect of this order is that if the government moves the petitioner, the court retains jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

**IT IS SO ORDERED.**

Dated: August 16, 2025

_____
LAUREL BEELER
United States Magistrate Judge