United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LESLIE HERNANDEZ NIEVES, <br><br> Plaintiff, <br><br> v. <br><br> POLLY KAISER, et al., <br><br> Defendants. | Case No. 25-cv-06921-LB <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Re: ECF No. 1 |

### INTRODUCTION

Petitioner Leslie Hernandez Nieves is an asylum seeker from Mexico who entered the United States on May 23, 2024. After her release on her own recognizance under 8 U.S.C. § 1226, and after attending her ICE check-ins and immigration-court hearings without incident, immigration agents arrested her on August 15, 2025, following a routine court appearance. She petitioned for habeas relief.[1] The petitioner has since been released by order of this court, and the immigration judge granted the government's motion to dismiss her removal proceedings.[2]

The government contends that the petition is now moot because the petitioner is no longer in removal proceedings, the government has not re-detained her, and there are no collateral

---

[1] Pet. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Status Report – ECF No. 11; Return – ECF No. 28 at 5.

ORDER – No. 25-cv-06921-LB

consequences to be addressed in the habeas petition.[3] The petitioner responds that (1) her habeas petition is not moot because, while the government was granted dismissal of her removal proceedings, the government did so with the purpose of seeking her expedited removal under 8 U.S.C. § 1225(b) and could re-detain her without a pre-detention bond hearing at any time after the preliminary injunction is no longer in effect and (2) the petitioner's seeking a pre-deprivation bond hearing is essential to safeguard her liberty interest in her continued freedom and is a collateral consequence to her petition.[4] The parties do not dispute that the petitioner would be subject to detention under 8 U.S.C. § 1231(a)(2)(A) for ninety days if a final removal order were entered against her.[5]

The court grants the petition for habeas relief, enjoining the government from re-detaining the petitioner without notice and a pre-deprivation hearing absent a final removal order.

## STATEMENT

The petitioner entered the United States from Mexico on May 23, 2024. On May 24, 2024, the Department of Homeland Security (DHS) issued her a Form I-200, Warrant for Arrest of Alien, stating that she was "liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act," codified at 8 U.S.C. § 1226.[6] That day, immigration officials released her on her own recognizance "[i]n accordance with section 236," for "humanitarian reasons and a lack of detention space," pending her removal proceedings, and with a notice to appear in immigration court. She admitted that she illegally crossed the border and did not have a fear of

---

[3] Return – ECF No. 28 at 5–6.

[4] Traverse – ECF No. 30 at 2–3.

[5] Return – ECF No. 28 at 6–7; Traverse – ECF No. 30 at 10.

[6] Warrant, Ex. 1A to Abad Decl. – ECF No. 17-1 at 9.

United States District Court
Northern District of California

persecution or torture if returned to Mexico.[7] She has no criminal history.[8] She has attended her immigration-court hearings and ICE check-ins and applied for asylum in January 2025.[9]

On August 15, 2025, at a routine hearing in the San Francisco Immigration Court, the government orally moved to dismiss the petitioner's removal proceedings because it had determined that she was subject to expedited-removal proceedings under 8 U.S.C. § 1225(b).[10] The immigration judge did not grant the motion, instead gave the petitioner ten days to respond, and set a merits hearing on her asylum application for February 29, 2028. When she left the courtroom, DHS agents arrested her.[11] After she was detained, despite her request, she did not receive medication for her kidney condition, causing significant pain.[12]

The petitioner filed a habeas petition and moved for a TRO and a preliminary injunction.[13] The court granted the TRO on August 17, 2025, and granted a preliminary injunction on September 3, 2025.[14] The government released the petitioner on August 17, 2025, in compliance with the TRO.[15] On September 2, 2025, the immigration judge granted the government's motion to dismiss the petitioner's removal proceedings, and the petitioner did not appeal.[16] ICE has not yet processed the petitioner for expedited removal under 8 U.S.C. § 1225(b).[17]

All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[18]

---

[7] Pet. – ECF No. 1 at 12 (¶ 48); Order of Release, Ex. 3 to Abad Decl. – ECF No. 17-1 at 15; Form I-213, Ex. 4 to Abad Decl. – ECF No. 17-1 at 18.

[8] Form I-213, Ex. 4 to Abad Decl. – ECF No. 17-1 at 20.

[9] Pet. – ECF No. 1 at 12 (¶¶ 50–51).

[10] Abad Decl. – ECF No. 17-1 at 2 (¶ 8).

[11] Pet. – ECF No. 1 at 2 (¶¶ 2–3).

[12] According to the arrest report, the petitioner "stated she does not have any medical issues and is not on any medication." Form I-213, Ex. 4 to Abad Decl. – ECF No. 17-1 at 20. The petitioner does not recall being asked about her medical condition but has suffered from the disorder since childhood. Hernandez Nieves Decl. – ECF No. 18-1 at 2–3 (¶¶ 7–11).

[13] Pet. – ECF No. 1; Mot. – ECF No. 7.

[14] Order – ECF No. 10; Order – ECF No. 23.

[15] Status Report – ECF No. 11.

[16] Return – ECF No. 28 at 5.

[17] *Id.*

[18] Consents – ECF Nos. 4, 6.

ORDER – No. 25-cv-06921-LB                    3

United States District Court
Northern District of California

**ANALYSIS**

The only dispute between the parties is whether the lack of any ongoing removal proceedings for the petitioner moots the petition for habeas corpus. It does not.

"The 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

The related concept of mootness has been described (broadly speaking) as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Friends of the Earth*, 528 U.S. at 189 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). "'The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings.'" *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016 (9th Cir. 2012) (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011)). "'A claim is moot if it has lost its character as a present, live controversy.'" *Id.* (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). "'If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.'" *Id.* at 1016–17 (quoting *Am. Rivers*, 126 F.3d at 1123).

The defendant's "burden of demonstrating mootness is a heavy one." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (cleaned up). "Nonetheless, 'a case or controversy exists . . . only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" *Id*. (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893

United States District Court
Northern District of California

F.2d 1012, 1015 (9th Cir. 1989)). "'The adverse effect . . . must not be so remote and speculative that there is no tangible prejudice to the *existing interests* of the parties.'" *Id.* (quoting *Headwaters*, 893 F.2d at 1015). "'The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.'" *Id.* (quoting *Gordon*, 849 F.2d at 1244).

The government contends that the petition is moot because (1) the petitioner is no longer in removal proceedings (the immigration judge granted the government's motion to dismiss, and the petitioner did not appeal) and (2) the petitioner has not presented any possible collateral consequences that can be redressed by the habeas petition.[19] The petitioner responds by invoking the voluntary-cessation doctrine and noting that the government moved to dismiss her removal proceedings for the purpose of placing her in expedited removal proceedings and could seek her removal at any time.[20]

Voluntary cessation of illegal conduct does not render a challenge to that conduct moot unless the defendant can show "(1) there is no reasonable expectation that the wrong will be repeated, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992).

The government has not met its burden of showing that the petition is moot. The petitioner's requested habeas relief stems from the government's admitted intent to detain her and place her in expedited removal proceedings.[21] While ICE has not yet processed the petitioner for expedited removal, nothing stops the government from following through with its original intent to detain and remove the petitioner without a pre-deprivation hearing once this court's preliminary injunction is lifted.[22] The government also has not shown interim events that have irrevocably eradicated the effects of the alleged violation. The government's citing *Meza v. Bonnar* is unavailing because the court in *Meza* reasoned that voluntary cessation did not apply because it

---

[19] Return – ECF No. 28 at 5–6.

[20] Traverse – ECF No. 30 at 2–4.

[21] Return – ECF No. 28 at 6.

[22] *Id.* at 5.

United States District Court
Northern District of California

was Meza who moved for dismissal of his removal proceedings, but here, it is the government that moved for dismissal.[23] No. 18 CV-2708, 2022 WL 2954333, at *7 (N.D. Cal. July 26, 2022).

The parties do not dispute that, if an immigration court issued a final removal order against her, the petitioner would be subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A). This order does not disturb the government's authority under those circumstances.

Because the government has not contested the merits of the petition, it concedes them. *Narang v. Gerber Life Ins. Co.*, No. 18-CV-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018) (collecting cases).

## CONCLUSION

The court grants the petition for habeas relief. Absent a final removal order, the government may not re-detain the petitioner without a pre-detention bond hearing before a neutral immigration judge, which requires the government to demonstrate at that hearing by clear and convincing evidence that the petitioner is a flight risk or danger to the community and that no conditions other than detention would prevent the harms. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025).

**IT IS SO ORDERED.**

Dated: August 4, 2026

_____

LAUREL BEELER
United States Magistrate Judge

---

[23] Traverse – ECF No. 30 at 4 (making this point).

United States District Court
Northern District of California